CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

NOV 24 2020

JULIA C. DUDLEY, CLERK
BY /s/
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

UNITED STATES OF AMERICA

v.

MEDFIT SARMACUTICALS INC.
(formerly known as MEDFITRX, INC.)

Case No. 1:20CR00046-002

# PLEA AGREEMENT

MedFit Sarmacuticals Inc. formerly known as MedFitRX, Inc. (collectively referred to as "MedFit") agrees to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

## A. CHARGE(S) TO WHICH MEDFIT IS PLEADING GUILTY AND WAIVER OF RIGHTS

### 1. The Charges and Potential Punishment

Counsel for MedFit has informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before it could be found guilty as charged.

MedFit agrees to plead guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. MedFit is waiving and giving up any right to be charged by Indictment and have a Grand Jury vote on probable guilt.

MedFit will enter a plea of guilty to Count 1 of the Information.

Count 1 charges MedFit with distribution of an unapproved new drug with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d) and 333(a)(2). The maximum statutory penalty is a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), and/or probation or a term of five years, pursuant to 18 U.S.C. § 3561(c)(1).

MedFit understands restitution may be ordered, its assets may be subject to

*Defendant's Initials:* ___

forfeiture, and fees may be imposed to pay for probation, and costs of prosecution. In addition, a $400 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. MedFit further understands it probation may be revoked if it violates any term or condition of release.

MedFit is pleading guilty because it is in fact guilty and because it believes it is in its best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

### 2. Waiver of Constitutional Rights Upon a Plea of Guilty

MedFit knowingly waive and give up these valuable constitutional rights, to the extent they apply to a corporation:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses on its own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

## B. SENTENCING PROVISIONS

### 1. General Matters

MedFit understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). MedFit understands it will have an opportunity to review a copy of its presentence report in advance of its sentencing hearing and may file objections, as appropriate. MedFit will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

*Defendant's Initials:* _____

MedFit understands the Court is not bound by any recommendation or stipulation contained in this agreement and may sentence it up to the statutory maximum. MedFit understands it will not be allowed to withdraw its plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

MedFit understands if the sentence is more severe than it expected, it will have no right to withdraw its plea.

## 2. Sentencing Guidelines

MedFit stipulates and agrees that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2018 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to MedFit's offense(s). MedFit stipulates that the following guideline section(s) are applicable to its conduct:

| | | |
|---|---|---|
| 2B1.1(a)(2) | 6 | Base Level - Cross-Reference from 2N2.1(c)(1) |
| 2B1.1(b)(1)(F) | + 10 | Loss More Than $150,000 and Not More Than $250,000 |
| 2B1.1(b)(16) | + 2 | Conscious or Reckless Risk of Death or Serious Bodily Injury |

The United States stipulates that the guideline section(s) set forth in this section should apply to MedFit's conduct.

MedFit understands other guideline sections may be applicable to its case and the United States and MedFit will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

MedFit agrees to accept responsibility for its conduct. If MedFit complies with its obligations under this plea agreement and accepts responsibility for its conduct, the United States will recommend the Court grant it a two-level reduction in its offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that MedFit receive a one-level reduction in its offense level, pursuant to U.S.S.G. § 3E1.1(b), for purposes of any guidelines calculation. However, MedFit stipulates that if it fails to accept responsibility for its conduct or fails to comply with any provision of this plea agreement, it should not receive credit for acceptance of responsibility. In addition, MedFit understands and agrees the United States will have a continuing objection to it receiving credit for acceptance of responsibility until a corporate representative has testified

*Defendant's Initials:* _____

truthfully at its sentencing hearing, if called upon to testify. MedFit agrees the United States will not be required to make any other notice of its objection on this basis.

### 3. Substantial Assistance

MedFit understands the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). MedFit understands even if it fully cooperates with law enforcement, the United States is under no obligation to make a motion for the reduction of its sentence. MedFit understands if the United States makes a motion for a reduction in its sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, it should be given.

### 4. Monetary Obligations

#### a. Special Assessments, Fines and Restitution

*$400 JFJ*

MedFit understands persons convicted of crimes are required to pay a mandatory assessment of $~~400~~.00 per felony count of conviction. MedFit agrees it will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering its plea of guilty.

MedFit agrees to pay restitution for the entire scope of its criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, MedFit agrees to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. MedFit understands and agrees a requirement it pay restitution for all of the above-stated matters will be imposed upon it as part of any final judgment in this matter.

MedFit further agrees to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means it has at its disposal. MedFit agrees failure to do so will constitute a violation of this agreement. MedFit will execute any documents necessary to release the funds it has in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in its case.

MedFit fully understands restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. MedFit further understands there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. MedFit understands no one has made any

promises to it that such a process will result in a decrease in its restitution obligations in this case.

MedFit understands and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. MedFit understands if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

MedFit agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

MedFit expressly authorizes the United States Attorney's Office to obtain a credit report on it in order to evaluate MedFit's ability to satisfy any financial obligation imposed by the Court.

MedFit agrees the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, MedFit agrees to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

*Defendant's Initials:* ___

MedFit agrees any payments made by it shall be applied fully to the non-joint and several portion of its outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

### b. Duty to Make Financial Disclosures

MedFit understands in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, MedFit agrees, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by MedFit, for the period starting on January 1st of the year prior to the year the offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date MedFit signs the financial statement, whichever is earlier, MedFit agrees not to convey anything of value to any person without the authorization of the United States Attorney's Office.

### c. Understanding of Collection Matters

MedFit understands:

1. as part of the judgment in this case it will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. It must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include its name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on its real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (20 years from date of sentencing);
6. if MedFit retains counsel to represent it regarding the United States' efforts to collect any of MedFit's monetary obligations, it will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of its legal representation; and

*Defendant's Initials:* ___

7. MedFit, or its attorney if an attorney will represent it regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. **FORFEITURE**

MedFit agrees to the forfeiture money judgment set forth in this section, jointly and severally with Brian Michael Parks, on the grounds set forth in the Order of Forfeiture. MedFit agrees to pay a forfeiture money judgment in the amount of $350,000. MedFit further agrees to pay this amount in full by February 15, 2021. If MedFit fails to pay this amount in full by February 15, 2021, MedFit agrees to pay a forfeiture money judgment in the amount of $1,189,245.36. MedFit understands any payment(s) totaling less than $350,000 by February 15, 2021, will not be considered payment in full. If MedFit completes the $350,000 forfeiture money judgment payment by February 15, 2021, MedFit agrees the Order of Forfeiture entered by the Court at sentencing shall be for a $350,000 money judgment. If MedFit fails to pay the $350,000 forfeiture money judgment in full by February 15, 2021, MedFit agrees the Order of Forfeiture entered by the Court at sentencing shall be for a $1,189,245.36 forfeiture money judgment. To the extent necessary, MedFit waives notice of forfeiture as to any asset it has agreed to forfeit and waive oral pronouncement at sentencing.

MedFit agrees to remit funds in payment of the forfeiture money judgment in the form of certified funds made payable to the U.S. Marshals Service and are to be remitted to the U.S. Attorney's Office.

MedFit agrees that a forfeiture money judgment is appropriate pursuant to 18 U.S.C. 853(p) because the proceeds cannot be located upon the exercise of due diligence and/or have been transferred or deposited with a third party. MedFit agrees to cooperate fully in the forfeiture of the property to be forfeited. If applicable, MedFit agrees to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. MedFit agrees to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. MedFit further agrees to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

MedFit further agrees to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons. MedFit further agrees that if MedFit does not pay the forfeiture money judgment in full at the time of sentencing,

*Defendant's Initials:* ___

MedFit agrees to pay at least $1,000 per month toward the forfeiture money judgment. MedFit agrees this is a minimum payment amount, and it does not affect the government's ability to pursue collection or forfeiture by other means.

MedFit further agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive MedFit, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if MedFit had survived, and that determination shall be binding upon MedFit's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires MedFit to disgorge wrongfully obtained criminal proceeds, MedFit agrees that the forfeiture is primarily remedial in nature.

MedFit understands and agrees that forfeiture of this property is proportionate to the degree and nature of the offense committed by it. MedFit freely and knowingly waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. MedFit further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

MedFit hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which MedFit ever had, now has, or may have in the future in connection with the seizure, detention and forfeiture of the described assets. MedFit agrees to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. MedFit agrees this Order of Forfeiture shall be entered by the Court and shall be final at the time it enters its plea. To the extent necessary, MedFit waives notice of forfeiture as to any asset it has agreed to forfeit and waive oral pronouncement at sentencing.

## D. ADDITIONAL MATTERS

### 1. Waiver of Presence of Counsel

MedFit understands its attorney may be present at any contact between MedFit personnel and any government personnel. However, by its signature below, MedFit expressly waives the presence of counsel during such contacts and agrees government

*Defendant's Initials:* _____

personnel may contact MedFit personnel without the prior approval of its attorney. At any time during such contacts with government personnel, MedFit personnel may request the presence of MedFit's attorney and the contact will be suspended until its attorney arrives or indicates that the contact may continue.

## 2. Waiver of Right to Appeal

Knowing that it has a right of direct appeal of its sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, MedFit expressly waives the right to appeal its sentence on those grounds or on any ground. In addition, MedFit hereby waives its right of appeal as to any and all other issues in this matter and agrees it will not file a notice of appeal. MedFit is knowingly and voluntarily waiving any right to appeal. By signing this agreement, MedFit is explicitly and irrevocably directing its attorney not to file a notice of appeal. ***Notwithstanding any other language to the contrary, MedFit is not waiving its right to appeal or to have its attorney file a notice of appeal, as to any issue which cannot be waived, by law.*** MedFit understands the United States expressly reserves all of its rights to appeal. **MedFit agrees and understand if it files any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in its case such action shall constitute a failure to comply with a provision of this agreement.**

## 3. Waiver of Right to Collaterally Attack

MedFit waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agrees it will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **MedFit agrees and understands that if it files any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in its case, such action shall constitute a failure to comply with a provision of this agreement.**

## 4. Information Access Waiver

MedFit knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

*Defendant's Initials:* _____

### 5. Abandonment of Seized Items

By signing this plea agreement, MedFit hereby abandons its interest in, and consents to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. MedFit further waives any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 6. Program Exclusion

MedFit understands its conviction pursuant to this agreement may result in it being permanently excluded pursuant to 42 U.S.C. § 1320a-7(b)(7), from participation in Medicare, Medicaid, and all other Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f). If excluded, such exclusion shall have national effect and shall also apply to all other Federal procurement and non-procurement programs. Federal health care programs will not pay anyone for items or services, including administrative or management services, furnished, ordered, or prescribed by MedFit in any capacity while it is excluded. This payment prohibition applies to MedFit, anyone who employs or contracts with MedFit, and any hospital or other provider where MedFit provides services. The exclusion applies regardless of who submits the claims or other request for payment. Reinstatement to program participation is not automatic. If at the end of the period of exclusion, MedFit wishes to apply for reinstatement, it must submit a written request for reinstatement in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. If excluded, MedFit will remain excluded unless and until the OIG reinstates it pursuant to 42 C.F.R. §§ 1001.3001-.3005.

### 7. Admissibility of Statements

MedFit understands any statements made on its behalf (including this plea agreement, and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, at any time, in any setting (including during a proffer), may be used against it in this or any other proceeding. MedFit knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 8. Additional Obligations

*Defendant's Initials:* ___

MedFit agrees to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, its knowledge of any criminal activity.

MedFit agrees not to commit any of the following acts:

- attempt to withdraw its guilty plea;
- deny it committed any crime to which it has pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter its plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at its sentencing hearing or any other proceeding);
- refuse to answer any question;
- fail to comply with any reasonable request of the United States Attorney's Office; or
- fail to cooperate with law enforcement agents.

## E. REMEDIES AVAILABLE TO THE UNITED STATES

MedFit hereby stipulates and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if MedFit fails to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, MedFit agrees if, for any reason, its conviction is set aside, or if it fails to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation. MedFit hereby waive its right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information concerning any such charges. MedFit also hereby waives any statute of limitations defense as to any such charges.

*Defendant's Initials:* ___

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate its obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia and the United States Department of Justice, Consumer Protection Branch. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute MedFit for any offense(s) committed within their respective jurisdictions.

### 2. Effect of Its Signature

MedFit understands its signature on this agreement constitutes a binding offer by it to enter into this agreement. MedFit understands the United States has not accepted its offer until it signs the agreement.

### 3. Effective Representation

MedFit has discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against it with its attorney and is fully satisfied with its attorney and its attorney's advice. At this time, it has no dissatisfaction or complaint with its attorney's representation. MedFit agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint it may have with its attorney's representation.

### 4. Misconduct

If MedFit has any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, MedFit agrees to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than its sentencing hearing.

*Defendant's Initials:* _____

## 5. Final Matters

MedFit understands a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. MedFit understands any calculation regarding the guidelines by the United States Attorney's Office or by its attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on its case.

MedFit understands the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

MedFit understands the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

MedFit willingly stipulates there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which it is pleading guilty.

MedFit understands this agreement does not apply to any crimes or charges not addressed in this agreement.

MedFit understands its attorney will be free to argue any mitigating factors on its behalf; to the extent they are not inconsistent with the terms of this agreement. MedFit understands it will have an opportunity to address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and MedFit, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and MedFit.

*Defendant's Initials:* _____

MedFit has consulted with its attorney and fully understand all its rights. MedFit has read this plea agreement and carefully reviewed every part of it with its attorney. MedFit understands this agreement and voluntarily agrees to it. MedFit has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its plea of guilty. Being aware of all of the possible consequences of its plea, MedFit has independently decided to enter this plea of its own free will, and is affirming that agreement on this date and by the signature of its authorized representative below.

The Authorized Corporate Officer, by his signature below, hereby certifies to the following:

1. He has read the entire Plea Agreement and documents referenced herein and discussed them with MedFit's owners;
2. MedFit understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations;
3. MedFit is fully satisfied with MedFit's attorneys' representation during all phases of this case;
4. MedFit is freely and voluntarily pleading guilty in this case;
5. MedFit is pleading guilty as set forth in this Plea Agreement because it is guilty of the crimes to which it is entering its pleas of guilty;
6. MedFit acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer. A copy of a certification by MedFit's Board of Directors authorizing the Authorized Corporate Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of MedFit is attached.

**Date:** November 20, 2020

_____
**Authorized Corporate Officer of MedFit Sarmacuticals Inc. formerly known as MedFitRX, Inc.**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

MedFit understands I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related

*Defendant's Initials:* _____
Page 14 of 15

matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 11-23-20

Doug Farquhar, Esq. Christopher B. Mead
Counsel for Defendant

Date: 11-23-2020

Randy Ramseyer
Assistant United States Attorney
Virginia Bar No. 33837

Spencer Hodges
Trial Attorney
Consumer Protection Branch
United States Department of Justice